# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina



In the Matter of the Tracking of )
*(Identify the person, property, or object to be tracked)* )
) Case No. 1:18 MJ 177
In the Matter of the Use of a Cell Site Simulator to )
Locate Cellular Device Assigned Call Number )
(434) 710-9172 )
)

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☑ using the object ☐ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☐ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by _____June 24, 2018_____ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until _____July 14, 2018_____ *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above ☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* _____Joi Elizabeth Peake_____ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 6/14/2018 8:28 pm

*Judge's signature*

City and state: Winston-Salem, North Carolina     Joi Elizabeth Peake, United States Magistrate Judge
*Printed name and title*

Case No.

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____ .

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____ .

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (434) 710-9172, whose wireless provider is Sprint Spectrum, L.P., subscribed to by Mygenika Guy, currently used by Kevin Lamont Trent, Jr., who is the subject of the criminal investigation.

# **ATTACHMENT B**

Pursuant to an investigation of Kevin Lamont Trent, Jr. for a violation of Title 18, United States Code, Section 1962 (Racketeer Influenced and Corrupt Organizations Act); Title 18, United States Code, Section 1959 (Violent Crimes in Aid of Racketeering); and Title 18, United States Code, Section 924(c) (Possession of Firearm in Furtherance of a Crime of Violence), and Title 18, United States Code, Section 1073 (Unlawful Flight to Avoid Prosecution), among other statutes. This Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

The following restrictions apply:

1. Officers must make reasonable efforts to minimize the capture of signals emitted from cellular telephones other than the device identified in Attachment A.

2

2. Officers must immediately destroy all data other than data for the cellular device identified in Attachment A. Destruction must occur within 48 hours after the data is captured, and verification of such must be included in the warrant return.
3. Officers are prohibited from using any data required beyond that necessary to determine the location of the cellular device identified in Attachment A.